```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Frances Monteleone, Linda Rodriguez,
Elyse Scileppi, Frank J. Monteleone, and     CV-08-1986(CPS)(SMG)
Wendy Monteleone,

                        Plaintiffs,         MEMORANDUM
                                            AND ORDER

        - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                        Defendants.
----------------------------------------X
Margaret Schaefer Barglow, Raymond
Barglow, Pamela Montanaro, Siri Scull,       CV-08-2131(CPS)(SMG)
Charles Scull, Robert Wolfson, and Mahalia
Pugatch,
                        Plaintiffs,

        - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                        Defendants.
----------------------------------------X
Gene Bianco and Anita Bianco,
                                             CV-08-3033(CPS)(SMG)
                        Plaintiffs,

        - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                        Defendants.
----------------------------------------X
```

```
----------------------------------------X
Philip M. Bray, Ingrid V Noreiko-Bray,
individually and as trustee for Noray        CV-08-2247(CPS)(SMG)
Charitable Remainder Unitrust, and Label
Services, Inc.,

                    Plaintiffs,

        - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                    Defendants.
----------------------------------------X

Carl Gambello, Carole Gambello, and
Adele Disarmato,                             CV-08-3129(CPS)(SMG)
                    Plaintiffs,

        - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                    Defendants.
----------------------------------------X
Miriam B. Greenberger,
                                             CV-08-4123(CPS)(SMG)
                    Plaintiff,

        - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                    Defendants.
----------------------------------------X
```

```
----------------------------------------X
Amadeo Delmonaco, Piedad Delmonaco
Michelle Delmonaco, Brandon Delmonaco,      CV-08-4605(CPS)(SMG)
Nicole Delmonaco, Rosa Armetta, Karamchad
Balkaran, Gino Citro, Steven Doyle, Keith
Pennington, Joseph Fontana, Marco Fontana,
Nunzio Fontana, David Breiner, Marc
Kowalski, George Trivino, German Valdavia,
and Mazine Albert,

                    Plaintiffs,

        - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                    Defendants.
----------------------------------------X
Ann Marie Delia, William Delia, Robert
Sweeney, Veronica Sweeney, Tara Sroka        CV-08-4758(CPS)(SMG)
f/k/a/ Tara Sweeney, and Ludvig Haugedal,

                    Plaintiffs,

        - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                    Defendants.
----------------------------------------X
```

```
------------------------------------------X
Brian Marchese, Ruth Marchese, and
Michael Marchese                              CV-08-4786(CPS)(SMG)

                    Plaintiffs,

     - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                    Defendants.
------------------------------------------X
```

SIFTON, Senior Judge.

Plaintiffs Frances Monteleone, Margaret Shaefer Barglow, Carl Gambello, Miriam Greenberger, Philip Bray, Amadeo del Monaco ("Del Monaco"), Gene Bianco, the Estate of William A. Delia ("Delia"), and Brian Marchese, among others[1] (collectively, "plaintiffs"), commenced actions against defendants the Leverage Group ("Leverage Group"), Leverage Option Management Co., Inc. ("Leverage Option Management"), Leverage Management, LLC

---

[1] The full list of plaintiffs is as follows: Frances Monteleone, Linda Rodriguez, Elyse Scileppi, Frank J. Monteleone, Wendy Monteleone (the "Monteleone plaintiffs"); Margaret Schaefer Barglow, Raymond Barglow, Pamela Montanaro, Siri Scull, Charles Scull, Robert Wolfson, Mahala Pugatch (the "Barglow plaintiffs"); Gene Bianco, Anita Bianco (the "Bianco plaintiffs"); Carl Gambello, Carole Gambello, Adele Disarmato (the "Gambello plaintiffs"); Miriam Greenberger (the "Greenberger plaintiff"); Philip M. Bray, Ingrid Noreiko-Bray, Label Service, Inc., Noray Charitable Remainder Unitrust (the "Bray plaintiffs); Amadeo Del Monaco, Piedad Del Monaco Michelle Del Monaco, Brandon Del Monaco, Nicole Del Monaco, Rosa Armetta, Karamchad Balkaran, Gino Citro, Steven Doyle, Keith Pennington, Joseph Fontana, Marco Fontana, Nunzio Fontana, David Breiner, Marc Kowalski, George Trivino, German Valdavia, Mazine Albert (the "Delmonaco plaintiffs"); Ann Marie Delia, William Delia, Robert Sweeney, Veronica Sweeney, Tara Sroka f/k/a/ Tara Sweeney, Ludvig Haugedal (the "Delia plaintiffs"); Brian Marchese, Ruth Marchese, and Michael Marchese (the "Marchese plaintiffs").

("Leverage Management"), North American Financial ("North American"), Philip Barry ("Barry"),[2] and Philip Barry, LLC ("Barry, LLC")[3] (collectively, "defendants"). These cases were consolidated for pretrial purposes on November 17, 2008. On December 24, 2008, all plaintiffs filed an Amended Consolidated Complaint, which included the following additional defendants: Saint Joseph's Development Corporation and HK Holdings, LLC.[4] The Amended Consolidated Complaint listed the following causes of action: (1) violation of federal securities law, 15 U.S.C. §§ 78c(a)(10), 78j(b) and S.E.C. Rule 10b-5; (2) violation of New Jersey securities law, N.J.S.A. 49:3-17; (3) violation of Federal RICO, 18 U.S.C. 1962(c); (4) Federal RICO conspiracy, 18 U.S.C. 1962(d); violation of New Jersey RICO, N.J.S.A. 2C:41-2(c); (6) New Jersey RICO Conspiracy, N.J.S.A. 2C:41-2(d); (7) fraud; (8) conversion; (9) negligent misrepresentation; (10) breach of fiduciary duty; (11) breach of contract; (12) breach of implied

---

[2]On November 7, 2008, all proceedings against defendant Barry were stayed by the Bankruptcy Court. On November 20, 2008, Barry, LLC filed for bankruptcy. On January 21, 2009, the Barry, LLC action was dismissed by the Bankruptcy Court. On January 23, 2009, the Bankruptcy Court lifted the stay as to Barry. The motions for summary judgment addressed in this opinion were heard on December 18, 2008. Because defendants Barry and Barry, LLC were not parties to that proceeding, Barry and Barry, LLC are not considered defendants for the purposes of these motions. However, the discussion below describes Barry's involvement in actions complained of by plaintiffs both for completeness and also because plaintiffs have made a reverse veil-piercing claim.

[3]See previous note.

[4]Saint Joseph's Development Corporation and HK Holdings, LLC have not yet appeared in this case. Plaintiffs added these defendants to their complaint after the summary judgment motions were heard. Accordingly, these defendants will not be discussed further in this opinion.

covenants of good faith and fair dealing; and (13) unjust enrichment. Plaintiffs seek compensatory, consequential, and punitive damages, attorneys' fees, and costs. Now before the Court are the Del Monaco and Delia motions for partial summary judgment as to liability and damages. For the reasons set forth below, the motions are granted in part and denied in part.

**Background**

Familiarity with the procedural history, parties, investment scheme, prior summary judgment motions made in this case is assumed.[5]

On January 29, 2009, I granted the Monteleone, Barglow, Gambello, Greenberger, Bianco, and Bray plaintiffs' motions for summary judgment. Pursuant to my consolidation order, these six motions for summary judgment were treated as having been filed on behalf of all plaintiffs. Each of the Del Monaco and Delia plaintiffs have submitted affidavits showing that their exposure to defendants' investment scheme mirrored that of the Monteleone, Barglow, Bianco, Gambello, Greenberger, and Bray plaintiffs.

**Discussion**

**A. Liability**

---

[5]*See* this Court's opinions on plaintiffs' motions for attachment and summary judgment. *Monteleone v. Leverage Group*, 2008 U.S. Dist. LEXIS 78983 (E.D.N.Y. October 7, 2008); *Bray v. Leverage Group*, 2008 U.S. Dist. LEXIS 92383 (E.D.N.Y. November 4, 2008); *Monteleone v. Leverage Group*, 2008 U.S. Dist. LEXIS _____ (E.D.N.Y. January 29, 2009).

For the reasons stated in my January 29, 2009 opinion, I grant partial summary judgment to the Del Monaco and Delia plaintiffs on the issue of liability, limited to the claims stated in the previous ruling.

**B. Damages**

A plaintiff must substantiate a claim with evidence to prove the extent of damages. Although an evidentiary hearing may be held, "it is not necessary for the district court to hold a hearing, as long as... there was a basis for the damages specified." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997); *Tamarin v, Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (district judges are given much discretion to determine the necessity of an inquest).

*The Del Monaco Plaintiffs*

Each of the damages claims made by the fourteen Del Monaco plaintiff suffers from a lack of documentation substantiating the claims. The motion for summary judgment on damages is denied without prejudice to the Del Monaco plaintiffs filing additional papers.

*The Delia Plaintiffs*

Ann Marie Delia as administrator for her father's estate states that her father, for whose estate she is administrator,

had two accounts with the Leverage Group. Affidavit of Ann Marie Delia at ¶ 3. The first account had a guaranteed interest rate of 6.01%, and the second had a guaranteed rate of 12.55%. *Id*. at ¶ 4. As of January 31, 2009, the first account balance was $298.968.88, and the second account balance was $202,236.01, for a total of %501,204.89. *Id*. at ¶¶ 5-7. Defendants have refused to return the funds as requested. *Id*. at ¶ 8.

Ludvig Haugedal states that he invested with defendants and was guaranteed an interest rate of 12.55%. Affidavit of Ludvig Haugedal at ¶¶ 1, 3. As of January 31, 2009, the account balance was $38,146.89. *Id*. at ¶ 4. Defendants have refused to return the funds as requested. *Id*. at ¶ 5.

Tara Sroka, f/k/a Tara Sweeney, states that she invested with defendants and was guaranteed an interest rate of 12.55%. Affidavit of Tara Sroka at ¶¶ 1, 3. As of January 31, 2009, the account balance was $38,072.78. *Id*. at ¶ 4. Defendants have refused to return the funds as requested. *Id*. at ¶ 5.

Robert Sweeney and Veronica Sweeney state that they invested with defendants and had three accounts with the Leverage Group, each of which had a guaranteed interest rate of 12.55%. Affidavit of Robert and Veronica Sweeney at ¶¶ 1-3. The last statement issued, dated June 30, 2008, indicated account balances of $151,271.90, $78,202.89, and $18,138.74, respectively, for a total of $247,613.53. *Id*. at ¶ 2. As of January 31, 2009,

considering the last documented account balance and interest payments, the total of all three account balances was $278,689.02. *Id*. at ¶ 5. Defendants have refused to return the funds as requested. *Id*. at ¶ 4.

Ann Marie Delia as individual submitted a claim for damages that lacked substantiation.

*Disposition*

The motion made by Ann Marie Delia for damages is denied without prejudice to her filing additional papers in support of the motion. The other Delia plaintiffs discussed above have offered sufficient evidence to show that it is more likely than not that they are owed the amounts claimed. Accordingly, their motions for summary judgment as to damages are granted.

Under Rule 54(b) of the Federal Rules of Civil Procedure, I find that there is no just reason for delay of entry of judgment since, under the circumstances, speed is of the essence. The stay on proceedings against defendant Barry, put in place by the Bankruptcy Court, was recently lifted in favor of some plaintiffs, and the bankruptcy action in the case of Barry, LLC was dismissed. There may now be a race for priority. There is no reason to penalize the diligent.

## Conclusion

For the reasons stated above, the motions for partial

summary judgment as to liability against defendants Leverage Group, Leverage Option Management Co., Leverage Management, LLC, and North American Financial are granted in favor of the Delia and Del Monaco plaintiffs. In addition, the following plaintiffs are awarded the following amounts in compensatory damages: Ludvig Haugedal is awarded $38,146.89; Tara Sroka is awarded $38,072.78; Robert Sweeney and Veronica Sweeney are awarded $278,689.02; and the estate of William A. Delia is awarded $501,204.89.

Defendants Leverage Group, Leverage Option Management Co., Leverage Management, LLC, and North American Financial are liable, jointly and severally, for these damages. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge, and to enter judgment in favor of the aforementioned Delia plaintiffs, in the amounts described herein.

SO ORDERED.
Dated:   Brooklyn, New York
         February 5, 2009

                By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge